Umberto Zannelle
vs. }Law No. 76817.
Giuseppe Pettine

October 8, 1930.

CHURCHILL, J. Motion for new trial filed by the defendant after verdict for the plaintiff in the sum of $5,000.

This was an action brought to recover damages for the death of .the plaintiff's minor son, Luigi Zannelle. He died as a result of injuries sustained in a collision between a Ford truck, in which he was riding, and a Buick sedan operated by the defendant. The accident took place on June 16, 1928, at about 6 o'clock in the afternoon, at the intersection of the Putnam Pike with the road from Greenville, Rhode Island. The Ford truck in which Luigi was riding was being driven by one Collavecchio, who was employed by one Eugene Cola. Luigi was not employed by either Cola or Collavecchio but had been invited by Collavecchio to ride with him. Luigi had nothing to do with the management or control of the truck but occupied the status of an invited guest.

The road from Greenville runs in a northerly direction, enters the Putnam Pike at nearly a right angle and continues in a northerly direction on to Spragueville. In the testimony the road to the north of the Putnam Pike is denominated the Spragueville Road. There is an unobstructed view of the area of intersection of the two roads for a distance of more than 600 feet to the east. At a point somewhat more than 300 feet to the east of the intersection there were warning signs painted on the surface of the pike. The view of the Greenville Road from the Putnam Pike to one approaching the intersection from the east is somewhat obstructed by buildings at the corner. The Ford truck was being driven northerly from the Greenville Road to the Spragueville Road, and the Buick sedan was approaching the intersection from the east on the Putnam Pike.

The plaintiff produced testimony from disinterested witnesses to the effect that the Buick car driven by the defendant came up the Putnam Pike at a high rate of speed, estimated by some of the witnesses as between 50 to 60 miles an hour at a point about 200 feet from the intersection of the two roads; that when the Buick sedan was about that distance from the intersection, the Ford truck came out of the Greenville road from the left and continued slowly across the Pike and that the Buick car kept on; that it did not slacken speed, swerved somewhat to the right and struck the Ford truck on its right hand side just as the front wheels of the truck had gotten off the Putnam Pike and onto the dirt surface of the Spragueville Road; that the truck was thrown against a telegraph pole at the northwest corner of the intersection and that the pole was snapped off by the force of the blow; that Luigi was thrown out of the truck and received the injuries from which he subsequently died. '.'

There was further testimony that there was a clear way by which a car coming from the east up the Putnam Pike could have proceeded safely by the Ford truck. Members of the State Police arriving on the scene of the accident shortly afterwards made an investigation. They found that the marks on the road caused by the application of the brakes of the Buick car measured 54 feet in length from the point where they began to the place where the Buick car was found, and that the marks swerved somewhat to the right as they approached the intersection of the two roads, and that the marks showed that the wheels had "jumped" when the brakes were applied.

The defence interposed was that the defendant was proceeding at the rate of speed of about 35 miles an hour going westerly over the Pike; that at a distance of about 300 feet from the intersection the defendant slackened his speed to about 20 to 25 miles an hour and proceeded slowly and that the Ford truck appeared on his left hand side when the defendant was about 100 feet away from the intersec-

tion; that then the Ford truck came to a standstill; that the truck then started up when the defendant was in such a position that he could not avoid an accident and that the truck struck the Buick car on its left hand side and then sheered off and ran into the pole.

The defendant and his brother were the only two eye witnesses of the accident produced by the defendant. In support of this defence the defendant called several witnesses who testified as to the condition of the truck and the Buick car and their relative positions after the accident, which it is not necessary to rehearse here.

The Court is of the opinion that the verdict in respect to liability is amply supported by the testimony and is not against the law or the evidence.

The award of $5000 is attacked as excessive.

Luigi Zannelle, the deceased, was 14 years old on April 8, 1928, and was a strong, healthy boy. He was attending grammar school and would have graduated therefrom in 1929. His expectancy of life after majority was 38.75 years. His father was employed in the N. Y., N. H. & H. R. R. Co. at a salary of $30 a week. Luigi had three brothers, aged respectively 23, 21 and 19 years. One of the brothers, who was employed as a waiter, averaged from $30 to $40 a week, and the two other brothers, employed in the N. Y., N. H. & H. R. R. Co., averaged between $25 and $30 a week. The two boys who were of age paid each $10 a week board to the father. Their other necessary expenses amounted to something over $200 a year.

This testimony was the only evidence in the case which threw any light on the prospective earning capacity and expenses of Luigi Zannelle.

Under the rule of damages laid down in the case of *Dimitri* vs. *Cienci & Son*, 41 R. I. 393, the Court can not say that the damages awarded are ex-cessive. The verdict does not fail to do justice between the parties.

Defendant's motion for a new trial is denied.

For plaintiff: Flynn & Mahoney.

For defendant: Pettine, Godfrey & Cambio.